**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| June Lake and<br>Leroy Lake,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>Redline Recovery Services, LLC,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)　Civil Action No. _____<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

**JURY TRIAL DEMANDED**

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

4. Plaintiff June Lake (hereinafter "Plaintiff June"), is a natural person residing in the County of Wadena, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Plaintiff Leroy Lake (hereinafter "Plaintiff Leroy"), is a natural person residing in the County of Wadena, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant Redline Recovery Services, LLC (hereinafter "Defendant"), is a collection agency operating from an address of 11675 Rainwater Drive, Suite 350, Alpharetta, GA 30009 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL SUMMARY

7. Sometime prior to January 2009, upon information and belief, Plaintiffs' Neighbor incurred a financial obligation that was primarily for personal, family or household purposes, and are therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection.

9. Upon information and belief, in January of 2009 Plaintiffs began receiving phone calls from Defendant in regards to the collection of the debt.

10. Defendant began a collection campaign in attempt to collect the alleged debt from the Plaintiff's neighbor, including the dates 1/21/09, 1/28/09, 1/29/09, 1/30/09, 3/9/09, 3/9/09, and 3/11/09.

11. Upon information and belief, Plaintiffs informed Defendant on multiple occasions that debtor does not live at their residence.

12. Upon information and belief, Plaintiff Leroy spoke to Defendant and informed Defendant that debtor does not live at Plaintiffs' residence. Defendant informed Plaintiff Leroy that Defendant would look up his name and see if he had any debts in Plaintiff Leroy's name and hung up on Plaintiff Leroy.

13. The conduct of Defendant as more fully described herein is a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b, 1692c, 1692d, 1692e, and 1692f amongst others.

## Respondeat Superior Liability

14. The acts and omissions of Defendant, and/or the other debt collectors employed as agents by Defendant who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

15. The acts and omissions by Defendant and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

16. By committing these acts and omissions against Plaintiff, Defendant and these other debt collectors were motivated to benefit their principal, Defendant.

17. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

*Summary*

18. Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions.

**TRIAL BY JURY**

19. Plaintiff is entitled to and hereby respectfully demands a trial by jury.  U.S. Const. amend. 7.  Fed.R.Civ.P. 38.

**CAUSES OF ACTION**

**COUNT I.**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692 ET SEQ.**

20. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

21. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

22. As a result of Defendants' foregoing conduct and violations of the FDCPA, Plaintiff is entitled to recover actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), against each and every Defendant.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that judgment be entered against each and every Defendant for:

### **COUNT I.**

## **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

## **15 U.S.C. § 1692 et seq.**

23. an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant;

24. an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against each and every Defendant;

25. an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant;

26. actual damages from each and every Defendant for the emotional distress suffered as a result of the FDCPA violations in an amount to be determined at trial; and

27. such other and further relief as may be just and proper.

Dated:  June 3, 2009                    **SCRIMSHIRE, MARTINEAU, GONKO &**
                                         **VAVRECK, PLLC**


                                         s/ Mark L. Vavreck                         .
                                        Mark L. Vavreck, Esq.
                                        Attorney I.D.#0318619
                                        Designer's Guild Building
                                        401 North Third Street, Suite 600
                                        Minneapolis, MN 55401
                                        Telephone:  (612) 659-9500
                                        Facsimile:   (612) 659-9220
                                        mark@smgvlaw.com

                                        **ATTORNEY FOR PLAINTIFFS**